Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

R. Charles Henn Jr. (admitted *pro hac vice*)
chenn@kilpatricktownsend.com
Charles C. Hooker (*pro hac vice* pending)
chooker@kilpatricktownsend.com
Nichole D. Chollet (*pro hac vice* pending)
nchollet@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500
Facsimile: 404.815.6555

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, a Delaware corporation; **ADIDAS AG**, a foreign entity; **ADIDAS INTERNATIONAL MARKETING B.V.**, a foreign entity, <br><br> Plaintiffs, <br><br> v. <br><br> **FOREVER 21 INC.**, <br><br> Defendant. | No. 3:17-cv-00377-YY <br><br> **FIRST AMENDED COMPLAINT** (Counterfeiting, Trademark Infringement, Unfair Competition, Trademark Dilution, Deceptive Trade Practices, and Breach of Contract) <br><br> **DEMAND FOR JURY TRIAL** |

1- FIRST AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

21184-0122/135833114.1

Plaintiffs adidas America, Inc., adidas AG, and adidas International Marketing B.V. (collectively, "adidas") state the following for their First Amended Complaint against Defendant Forever 21 Inc. ("Forever 21").

## I.    INTRODUCTION

1.    For decades, adidas has manufactured, advertised, marketed, promoted, distributed, and sold footwear and apparel bearing its famous and distinctive Three-Stripe trademark (the "Three-Stripe Mark"), the ADIDAS trademark (the "ADIDAS word mark"), and its famous, triangular "Badge of Sport" Mark, depicted below, which incorporates the Three-Stripe Mark:



2.    adidas owns numerous federal trademark registrations for its famous Three-Stripe Mark, ADIDAS word mark, and Badge of Sport Mark (collectively, the "adidas Marks") for apparel and footwear, many of which are incontestable. And adidas has invested hundreds of millions of dollars building its brand in connection with the adidas Marks.

3.    adidas has made longstanding use of the adidas Marks on apparel and footwear, examples of which are depicted below:

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222










3-   FIRST AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0122/135833114.1






4.      Despite Forever 21's indisputable knowledge of adidas's rights in the famous

Three-Stripe Mark—███████████████████████████████

████████████████████████████████████████████

███████████████  Forever 21 recently began offering for sale apparel and footwear featuring

confusingly similar imitations of adidas's Three-Stripe Mark, as shown in the examples below

(the "Infringing Apparel and Footwear"):

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222













**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0122/135833114.1










6-    FIRST AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0122/135833114.1










Other examples of the Infringing Apparel and Footwear are attached as **Exhibit 1**.

7-   FIRST AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

5.    Exacerbating matters, Forever 21 also recently offered counterfeit adidas products for sale on its website (Forever21.com), under the false and misleading label "Repurposed Adidas" products. Images of these counterfeit products (the "Counterfeit Apparel") appear below:




**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222




Screen shots of the Forever21.com webpages featuring the Counterfeit Apparel are attached as

**Exhibit 2**.

6.    Neither the Infringing Apparel and Footwear nor the Counterfeit Apparel is

manufactured by adidas, nor is either of them connected or affiliated with, or authorized by,

adidas in any way. The Infringing Apparel and Footwear and Counterfeit Apparel imitates

adidas's Three-Stripe Mark (and, in the case of the Counterfeit Apparel, the ADIDAS word mark

and the Badge of Sport Mark) in a manner that is likely to cause consumer confusion and deceive

the public regarding their source, sponsorship, or affiliation. Forever 21's actions are thus

irreparably harming adidas's brand and its extremely valuable Three-Stripe Mark (and, in the

case of the Counterfeit Apparel, the ADIDAS word mark and the Badge of Sport Mark).

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0122/135833114.1

7.      This is, therefore, an action at law and in equity for breach of contract, as well as for counterfeiting, trademark infringement and dilution, unfair competition, and unfair business practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act"); the fair business practices and unfair and deceptive trade practices acts of several states; and the common law.  Among other relief, adidas asks this Court to: (a) permanently enjoin Forever 21 from distributing, marketing, or selling apparel and footwear using or bearing counterfeit and/or confusingly similar imitations of the adidas Marks; (b) award adidas monetary damages and to treble that award; (c) require Forever 21 to disgorge all of its profits from its sales of the Infringing Apparel and Footwear and the Counterfeit Apparel; and (d) award adidas punitive damages, attorneys' fees, and costs.

## II.      PARTIES

8.      Plaintiff adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at Postach 11230, D-91072 Herzogenaurach, Federal Republic of Germany.

9.      Plaintiff adidas International Marketing B.V. is organized under the laws of the Netherlands, having a principal place of business at Atlas Arena Offices, Africa Building, Hoogoorddreef 9-A, 1101 BA Amsterdam Zuidoost, Netherlands.

10.      Plaintiff adidas America, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217. adidas America, Inc. directs all U.S.-based operations on behalf of adidas AG and adidas International Marketing B.V., including sales, brand marketing, product marketing, product design, public relations, distribution, enforcement, and licensing of and for ADIDAS-branded merchandise, including goods bearing the famous Three-Stripe Mark.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

adidas AG, adidas International Marketing B.V., and adidas America, Inc., as well as any predecessors or related entities, are collectively referred to as "adidas."

11.    On information and belief, Defendant Forever 21 Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 3880 N. Mission Road, Room 3110, Los Angeles, California 90031.

### III.    JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over adidas's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

13.    This Court has personal jurisdiction over Forever 21 because Forever 21 has entered into contracts with adidas in Oregon and because, upon information and belief, (a) Forever 21 has purposefully marketed, distributed, offered for sale, and sold the Infringing Apparel and Footwear to persons within the State of Oregon; (b) Forever 21 regularly transacts and conducts business within the State of Oregon; and (c) Forever 21 has otherwise made or established contacts within the State of Oregon sufficient to permit the exercise of personal jurisdiction.

14.    Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to adidas's claims occurred in this District.

### IV.    FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    adidas's Famous Trademarks**

15.    adidas is currently, and for many years has been, one of the world's leading manufacturers of athletic apparel, sportswear, footwear, and sporting equipment. Sixty-five years ago, adidas first placed three parallel stripes on its athletic shoes, and the Three-Stripe Mark

11-  FIRST AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0122/135833114.1

came to signify the quality and reputation of adidas products to the sporting world early in the company's history.

16.     At least as early as 1952, adidas began using the Three-Stripe Mark on footwear sold in the United States and worldwide. The Three-Stripe Mark quickly came to signify the quality and reputation of adidas footwear. Pages from adidas catalogs featuring examples of footwear bearing the Three-Stripe Mark are attached as **Exhibit 3**.

17.     adidas is the owner of a federal trademark registration, Reg. No. 1,815,956, issued by the United States Patent and Trademark Office ("PTO") on January 11, 1994, for the Three-Stripe Mark, as depicted below, for "athletic footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 4**.

18.     adidas is the owner of a federal trademark registration, Reg. No. 1,833,868, issued by the PTO on May 3, 1994, for the Three-Stripe Mark, as depicted below, covering "athletic footwear."



12-  FIRST AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 5**.

19.     adidas is the owner of a federal trademark registration, Reg. No. 2,278,589, issued by the PTO on September 21, 1999, for the Three-Stripe Mark, as depicted below, covering "athletic footwear."



Affidavits have been filed pursuant to Sections 8 and 15 and the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 6**.

20.     adidas is the owner of a federal trademark registration, Reg. No. 3,029,129, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, covering "footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 7**.

21.     adidas is the owner of a federal trademark registration, Reg. No. 3,029,135, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, covering "footwear."

13-  FIRST AMENDED COMPLAINT

21184-0122/135833114.1



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 8**.

22.     At least as early as 1967, adidas began using its Three-Stripe Mark on apparel sold in the United States and worldwide. The Three-Stripe Mark quickly came to signify the quality and reputation of adidas apparel as well. Pages from adidas catalogs featuring examples of apparel bearing the Three-Stripe Mark are attached as **Exhibit 9**.

23.     adidas is the owner of a federal trademark registration, Reg. No. 2,058,619, issued by the PTO on May 6, 1997, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely shirts."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 10**.

24.     adidas is the owner of a federal trademark registration, Reg. No. 3,029,127, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, for "clothing, namely, T-shirts, sweatshirts, jackets and coats."

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0122/135833114.1



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 11**.

25.     adidas is the owner of a federal trademark registration, Reg. No. 3,087,329, issued by the PTO on May 2, 2006, for the Three-Stripe Mark, as depicted below, for "clothing, namely, shirts, T-shirts, sweatshirts, vests, jackets and coats."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 12**.

26.     adidas is the owner of a federal trademark registration, Reg. No. 2,278,591, issued by the PTO on September 21, 1999, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely shorts."

15-  FIRST AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 13**.

27.    adidas is the owner of a federal trademark registration, Reg. No. 2,284,308, issued by the PTO, on October 12, 1999, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely pants."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 14**.

28.    adidas is the owner of a federal trademark registration, Reg. No. 4,910,643, issued by the PTO on March 8, 2016, for the Three-Stripe Mark, as depicted below, for a variety of products, including clothing, footwear, sporting goods, and bags.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222



A copy of the Certificate of Registration for this mark is attached as **Exhibit 15**.

29.    adidas owns numerous additional trademark registrations for the Three-Stripe Mark covering footwear and apparel (Reg. Nos. 870,136, 961,353, 2,016,963, 2,909,861, 2,999,646, 3,063,742, 3,063,745, 3,183,656, 3,183,663, and 3,236,505). Copies of the Certificates of Registration for each of these marks are attached collectively as **Exhibit 16**.

30.    One famous mark incorporating the Three-Stripe Mark is adidas's triangular Badge of Sport Mark, depicted below:



31.    Representative photographs and depictions of footwear and apparel bearing the Badge of Sport Mark are attached as **Exhibit 17**.

32.    adidas owns numerous federal trademark registrations for the Badge of Sport Mark, including Reg. Nos. 2,179,796, 2,411,802, 2,532,007, 2,651,325, 2,627,645, and 3,708,658. Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and these registrations are incontestable.  Copies of the Certificates of Registration for each of these marks are attached collectively as **Exhibit 18**.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

33.    Additionally, adidas also owns federal registrations for verbal trademarks using the term "3 stripes," including THE BRAND WITH THE 3 STRIPES, Reg. No. 1,674,229, for "sport and leisure wear." Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 19**.

34.    adidas has made exclusive and continuous use of the ADIDAS word mark in the United States since at least as early as 1952. adidas owns multiple federal trademark registrations for the ADIDAS word mark, including Reg. Nos. 891,222 and 1,300,627, covering apparel such as shorts and pants, as well as footwear. Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and these registrations are incontestable. Copies of the Certificates of Registration for each of these marks are attached collectively as **Exhibit 20**.

35.    The adidas Marks are well-known and famous and have been for over sixty years. adidas has used the adidas Marks in connection with its frequent sponsorship of musical artists, including pop stars Katy Perry and Selena Gomez and iconic rappers B.o.B, Snoop Dogg, Pharrell Williams, and Kanye West.

36.    adidas also has used the adidas Marks in connection with its frequent sponsorship of athletic tournaments and organizations, as well as professional athletes and collegiate sports teams. For example, adidas has had longstanding relationships with the University of Nebraska, the University of Louisville, Arizona State University, the University of Kansas, the University of Indiana, and the University of Miami. Among many others, adidas sponsors (a) NFL stars Aaron Rodgers, DeMarco Murray, Jimmy Graham, Von Miller, Sammy Watkins, and Robert Griffin III; (b) NBA stars Damian Lillard, James Harden, Andrew Wiggins, John Wall, and

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Derrick Rose; (c) baseball players Josh Harrison, Justin Upton, Kris Bryant, Carlos Gomez, and

Melvin Upton Jr.; (d) professional golfers Sergio Garcia, Dustin Johnson, and Justin Rose; and

(e) internationally famous soccer player Lionel Messi. For decades, adidas also has sponsored

the world-famous Boston Marathon, along with many other events, teams, and individuals.

37.    The adidas Marks are nonfunctional, and the general public recognizes and

understands that the Three-Stripe Mark, which is incorporated in the Badge of Sport Mark,

distinguishes and identifies adidas's merchandise.  Unsolicited media coverage has referred to

"Adidas' signature three stripes" (Allen, Rachael, "Adidas' New Ad Campaign Is All About The

Future," *Footwear News*, Jan. 25, 2016), "the iconic adidas three stripes" (Brettman, Allan,

"World Cup Brings New Shoes, Uniforms from Adidas, Nike," *The Oregonian*, Feb. 17, 2014),

adidas's "trademark three-stripe sneakers" (Brettman, Allan, "Adidas lifts 2012 forecast as sales

in China soar in Q 1," *The Oregonian*, May 1, 2012), "the adidas stripes" (Brettman, Allan, "A

$35 Swoosh of Genius," *The Oregonian*, June 16, 2011), adidas's "ubiquitous three stripes"

(Brettman, Allan, "Going 'All In' Against Nike," *The Oregonian*, March 15, 2011), the

"trademark three-stripe logo" (Pennington, Bill, "Belts That Do More Than Hold Up Pants,"

*New York Times*, July 27, 2009), the "iconic three stripes" ("Game Time," *Footwear News*, June

16, 2008), the "signature three stripes" (Moore, Booth, "Ringing Endorsements; Form Follows

Function with Much Olympic Wear, but Fashion and Funding are also at Play," *L.A. Times*,

August 13, 2004), the "famous brand with the three stripes" (Whiting, Sam, "Must Have," *San

Francisco Chronicle*, July 7, 2002), and the "legendary Adidas three stripes" ("Coty Inc.," *Brand

Strategy*, September 27, 1999).

38.    For over half a century, adidas extensively and continuously has used and

promoted the adidas Marks in connection with apparel and footwear. In recent years, annual

19-  FIRST AMENDED COMPLAINT

sales of products bearing the adidas Marks have totaled in the billions of dollars globally and in the hundreds of millions of dollars within the United States. The adidas Marks have achieved international fame and tremendous public recognition.

39.    Since introducing the adidas Marks, adidas has spent hundreds of millions of dollars promoting the marks and products bearing those marks. As but one example, in March 2011, adidas launched an advertising campaign in the United States "featuring Chicago Bulls guard Derrick Rose, rapper B.o.B and pop singer Katy Perry, among others," that "highlights [adidas's] imprint on the worlds of sports, music and fashion," and "show[s] the breadth and depth of the Adidas brand." A March 15, 2011, article from *The Oregonian* describing this advertising campaign is attached as **Exhibit 21**. Then, adidas launched its "Sport 15" advertising campaign, which represents adidas's biggest ad spend in the United States to date. The campaign featured soccer superstar Lionel Messi, basketball star Derrick Rose, and football star DeMarco Murray. A February 13, 2015, article from *AdWeek* describing adidas's Sport 15 advertising campaign is attached as **Exhibit 22**. adidas's 2016 advertising campaign featured artists such as Luka Sabbat, Kyu Steed, Aleali May, Ikwa Zhao, and Reese Cooper, while touting the fame of adidas's "signature three stripes." A January 25, 2016 article from *Footwear News* describing this advertising campaign is attached as **Exhibit 23**. As a result of adidas's widespread, continuous, and exclusive use of the adidas Marks in connection with its products for over sixty years, the marks enjoy wide public acceptance and association with adidas, and have come to be recognized widely and favorably by the public in the United States as indicators of the origin of adidas's goods.

40.    As a result of adidas's extensive use and promotion of the adidas Marks, adidas has built up and now owns extremely valuable goodwill that is symbolized by these marks. The

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

general purchasing public in the United States has come to associate the adidas Marks

exclusively with adidas.

**B.    Prior Trademark Settlement** ████████ **Between adidas and Forever 21**



41. ████████████████████████████████

█████████████████████████████████████

██████████████████████████████████

42. ██████████████████████████████

███████████████████████ a true and correct copy of which is attached

as **Exhibit 24**.

43. ██████████████████████████████

████████████████████████████████████

██████████████████████████████████

████████████████████████████████

██████████████████████

The 2015 Agreement

44.    In or around 2015, adidas again became aware that Forever 21 was offering for

sale and selling apparel bearing three parallel stripes. As a result, adidas filed a lawsuit in the

United States District Court for the District of Oregon (designated as civil action number 3:15-

cv-01559-SI) for trademark infringement, counterfeiting, unfair competition, and deceptive trade

practices.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

45.     adidas and Forever 21 resolved their dispute by entering into a settlement

agreement in October 2015 (the "2015 Agreement"), a true and correct copy of which is attached

as **Exhibit 25**.

46.     In the 2015 Agreement, Forever 21 agreed that it "will not produce, manufacture,

distribute, sell, offer for sale, advertise, promote, license, or market . . . any . . . product bearing

the Three-Stripe Mark or any design, mark, or feature that is confusingly similar to the Three-

Stripe Mark."

**C.     Forever 21's Current Unlawful Activities**

47.     Notwithstanding the ███████ 2015 Agreements, and in blatant disregard of

adidas's rights, Forever 21 yet again is manufacturing, producing, marketing, distributing,

offering for sale, and selling in interstate commerce apparel and footwear that bears counterfeit

and/or confusingly similar imitations of the famous adidas Marks, including, for example, the

Infringing Apparel and Footwear and the Counterfeit Apparel.

48.     The spurious Three-Stripe Mark, ADIDAS word mark, and Badge of Sport Mark

featured on the Counterfeit Apparel are identical or substantially indistinguishable from adidas's

Three-Stripe Mark, ADIDAS word mark, and Badge of Sport Mark. The Infringing Apparel and

Footwear also features parallel stripes in a manner that is likely to be confused with adidas's

famous Three-Stripe Mark.

49.     Forever 21 was familiar with the famous adidas Marks, as well as the extent of

adidas's rights in and to those marks, when Forever 21 began designing, advertising, and

offering for sale the Counterfeit Apparel and the Infringing Apparel and Footwear.

50.     On information and belief, Forever 21 knowingly, willfully, intentionally, and

maliciously adopted and used counterfeit and/or confusingly similar imitations of the adidas

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Marks on the Counterfeit Apparel and the Infringing Apparel and Footwear. Specifically, on information and belief, Forever 21 intentionally designed and manufactured the Counterfeit Apparel and the Infringing Apparel and Footwear to feature counterfeit and/or confusingly similar imitations of the adidas Marks in an effort to mislead and deceive consumers into believing that the Counterfeit Apparel and the Infringing Apparel and Footwear were manufactured, sold, authorized, or licensed by adidas.

51.    The Counterfeit Apparel and the Infringing Apparel and Footwear designed, manufactured, produced, distributed, marketed, promoted, offered for sale, and sold by Forever 21 is not manufactured by adidas, nor is Forever 21 associated, affiliated, or connected with adidas, or licensed, authorized, sponsored, endorsed, or approved by adidas in any way.

52.    adidas used its famous adidas Marks extensively and continuously long before Forever 21 began distributing, marketing, promoting, offering for sale, or selling the Counterfeit Apparel and the Infringing Apparel and Footwear.

53.    Forever 21's use of counterfeit and/or confusingly similar imitations of the famous adidas Marks is likely to deceive, confuse, and mislead actual and prospective purchasers before, during, and after purchase into believing that the Counterfeit Apparel and the Infringing Apparel and Footwear is manufactured or authorized by, or in some manner associated with, adidas, which it is not.

54.    The likelihood of confusion, mistake, and deception engendered by Forever 21's misappropriation of the famous adidas Marks is causing irreparable harm to the goodwill symbolized by the adidas Marks and the reputation for quality that they embody.

55.    On information and belief, Forever 21 continues to use counterfeit and/or confusingly similar imitations of the famous adidas Marks in connection with the sale of apparel

23- FIRST AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

and footwear that directly competes with the apparel and footwear offered for sale by adidas. Forever 21 began selling the Counterfeit Apparel and the Infringing Apparel and Footwear long after adidas had established protectable trademark rights in the adidas Marks and well after the adidas Marks became famous among the general public.

56.    Forever 21 has shown a callous disregard for adidas's trademark rights and for the ███████ 2015 Agreements. Forever 21 has twice agreed expressly not to use the Three-Stripe Mark or any confusingly similar mark, and it further agreed to discontinue manufacturing and selling apparel bearing counterfeit and confusingly similar imitations of the Three-Stripe Mark. Forever 21 thus has acted in bad faith, with malicious intent, and in knowing disregard of adidas's rights.

## FIRST CLAIM FOR RELIEF
### (Counterfeiting)

57.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

58.    Forever 21 has knowingly manufactured, imported, distributed, marketed, promoted, offered for sale, and/or sold apparel that bears spurious marks that are identical to and substantially indistinguishable from adidas's Three-Stripe Mark, ADIDAS word mark, and Badge of Sport Mark.

59.    As a result of Forever 21's manufacturing, importing, distributing, marketing, promoting, offering for sale, and/or selling of apparel bearing the Three-Stripe Mark, ADIDAS word mark, and Badge of Sport Mark, Forever 21 is using a counterfeit mark, as that term is defined in 15 U.S.C. § 1116(d)(1)(B) of the Lanham Act, and, accordingly, Forever 21 is liable under the anti-counterfeiting provisions of the Lanham Act.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0122/135833114.1

60.     Forever 21's use of a spurious mark identical to or substantially indistinguishable from the Three-Stripe Mark, ADIDAS word mark, and Badge of Sport Mark violates 15 U.S.C. § 1114, and Forever 21's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to adidas's goodwill and reputation as symbolized by its federally registered Three-Stripe Mark, ADIDAS word mark, and Badge of Sport Mark, for which adidas has no adequate remedy at law.

61.     Forever 21 is likely to continue causing substantial injury to the public and to adidas, and adidas is entitled to injunctive relief, an accounting for profits, damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117. Additionally, pursuant to 15 U.S.C. § 1117(b), adidas is entitled to trebling of the greater of profits or damages, and to prejudgment interest. Alternatively, and at adidas's election, pursuant to 15 U.S.C. § 1117(c), adidas is entitled to recover statutory damages for Forever 21's willful use of a counterfeit mark.

## SECOND CLAIM FOR RELIEF
### (Federal Trademark Infringement)

62.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

63.     Forever 21's use of confusingly similar imitations of adidas's Three-Stripe Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Forever 21's goods are manufactured or distributed by adidas, or are associated or connected with adidas, or have the sponsorship, endorsement, or approval of adidas.

64.     Forever 21 has used marks confusingly similar to adidas's federally registered marks in violation of 15 U.S.C. §§ 1114 and 1125(a). Forever 21's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

members of the trade and public, and, additionally, injury to adidas's goodwill and reputation as symbolized by adidas's Three-Stripe Mark, for which adidas has no adequate remedy at law.

65.     Forever 21's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to adidas's great and irreparable harm.

66.     Forever 21 has caused and is likely to continue causing substantial injury to the public and to adidas; therefore, adidas is entitled to injunctive relief and to recover Forever 21's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## THIRD CLAIM FOR RELIEF
### (Federal Unfair Competition)

67.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

68.     Forever 21's use of confusingly similar imitations of adidas's Three-Stripe Mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Forever 21's goods are manufactured or distributed by adidas, or are affiliated, connected, or associated with adidas, or have the sponsorship, endorsement, or approval of adidas.

69.     Forever 21 has made false representations, false descriptions, and false designations of its goods in violation of 15 U.S.C. § 1125(a). Forever 21's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to adidas's goodwill and reputation as symbolized by adidas's Three-Stripe Mark, for which adidas has no adequate remedy at law.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

70.     Forever 21's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

71.     Forever 21's conduct has caused, and is likely to continue causing, substantial injury to the public and to adidas. adidas is entitled to injunctive relief and to recover Forever 21's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## FOURTH CLAIM FOR RELIEF
### (Federal Trademark Dilution of the Three-Stripe Mark)

72.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

73.     For sixty-five years, adidas has exclusively and continuously promoted and used its registered Three-Stripe Mark in the United States. The Three-Stripe Mark became a famous and well-known symbol of adidas and its products among the general public in the United States well before Forever 21 began advertising, promoting, distributing, or offering for sale the Infringing Apparel and Footwear.

74.     Forever 21 is making use in commerce of confusingly similar imitations of adidas's famous Three-Stripe Mark that dilute and are likely to dilute the distinctiveness of adidas's famous Three-Stripe Mark by eroding the public's exclusive identification of this famous mark with adidas, tarnishing and degrading the positive associations and prestigious connotations of this famous mark, and otherwise lessening the capacity of the famous Three-Stripe Mark to identify and distinguish adidas's goods.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0122/135833114.1

75.    Forever 21's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark or to cause dilution of the mark to the great and irreparable injury of adidas.

76.    Forever 21 has caused and, unless enjoined by this Court, will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous Three-Stripe Mark in violation of 15 U.S.C. § 1125(c). adidas therefore is entitled to injunctive relief and to Forever 21's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

### FIFTH CLAIM FOR RELIEF
**(State Trademark Dilution and Injury to Business Reputation)**

77.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

78.    For sixty-five years, adidas has exclusively and continuously promoted and used its registered Three-Stripe Mark in the United States. The Three-Stripe Mark became a famous and well-known symbol of adidas and its products among the general public in the United States well before Forever 21 began advertising, promoting, distributing, or offering for sale the Infringing Apparel and Footwear.

79.    Forever 21 is making use in commerce of confusingly similar imitations of adidas's famous Three-Stripe Mark that dilute and are likely to dilute the distinctiveness of adidas's famous Three-Stripe Mark by eroding the public's exclusive identification of this famous mark with adidas, tarnishing and degrading the positive associations and prestigious connotations of this famous mark, and otherwise lessening the capacity of the famous Three-Stripe Mark to identify and distinguish adidas's goods.

28-  FIRST AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0122/135833114.1

80.     Forever 21's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark or to cause dilution of the mark to the great and irreparable injury of adidas.

81.     Forever 21 has caused and, unless enjoined by this Court, will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous Three-Stripe Mark in violation of the Oregon antidilution act, O.R.S. § 647.107 (2009), as well as the antidilution laws of several other states, including Alabama, ALA. CODE § 8-12-17 (2009); Alaska, ALASKA STAT. § 45.50.180 (Michie 2009); Arizona, ARIZ. REV. STAT. ANN. § 44-1448.01 (West 2009); Arkansas, ARK. CODE ANN. § 4-71-213 (2009); California, CAL. BUS. & PROF. CODE § 14247 (West 2009); Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2009); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2009); Florida, FLA. STAT. ANN. § 495.151 (West 2007); Georgia, GA. CODE ANN. § 10-1-451 (2009); Hawaii, HAW. REV. STAT. ANN. § 482-32 (Michie 2009); Idaho, IDAHO CODE § 48-513 (Michie 2009); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2009); Iowa, IOWA CODE ANN. § 548.113 (West 2009); Indiana, IN. CODE 24-2-13.5 (West 2009); Kansas, KAN. STAT. ANN. § 81-214 (2009); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2009); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2000); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110H, § 13 (West 2009); Minnesota, MINN. STAT. ANN. § 333.285 (West 2009); Mississippi, MISS. CODE. ANN. § 75-25-25 (2009); Missouri, MO. ANN. STAT. § 417.061(1) (West 2009); Montana, MONT. CODE ANN. § 30-13-334 (2009); Nebraska, NEB. REV. STAT. ANN. § 87-140 (Michie 2009); Nevada, NEV. REV. STAT. 600.435 (2007); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2009); New Jersey, N.J. STAT. ANN. 56:3-13.20 (West 2009); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0122/135833114.1

2009); New York, N.Y. GEN. BUS. Law § 360-l (2009); Pennsylvania, 54 PA. CONS. STAT.

ANN. § 1124 (West 2009); Rhode Island, R.I. GEN. LAWS § 6-2-12 (2009); South Carolina,

S.C. CODE ANN. § 39-15-1165 (2009); Tennessee, TENN. CODE ANN. § 47-25-513 (2009);

Texas, TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2009); Utah, UT. CODE ANN. § 70-

3a-403 (2009); Washington, WASH. REV. CODE ANN. § 19.77.160 (West 2009); West

Virginia, W.V. STAT. ANN. 47-2-13 (Michie 2009); and Wyoming, WYO. STAT. ANN. § 40-

1-115 (Michie 2009).

82.     adidas, therefore, is entitled to injunctive relief, damages, and costs, as well as, if

appropriate, enhanced damages, punitive damages, and reasonable attorneys' fees.

## SIXTH CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)

83.     adidas repeats and incorporates by reference the allegations in the preceding

paragraphs.

84.     Forever 21 has been and is passing off its goods as those of adidas, causing a

likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of

Forever 21's goods, causing a likelihood of confusion as to Forever 21's affiliation, connection,

or association with adidas, and otherwise damaging the public.

85.     Forever 21's conduct constitutes unfair and deceptive acts or practices in the

course of a business, trade, or commerce in violation of the unfair and deceptive trade practices

statutes of several states, including California CAL. BUS. & PROF. CODE § 17200, *et seq.*

(West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009);

Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-

1-370 to 10-1-375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois,

ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit.

30-  FIRST AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West

2009); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT.

ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349

(McKinney 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and

Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 2009).

86.    Forever 21's unauthorized use of confusingly similar imitations of adidas's Three-

Stripe Mark, as well as Forever 21's counterfeit use of the Three-Stripe Mark, ADIDAS word

mark, and Badge of Sport Mark, has caused and is likely to cause substantial injury to the public

and to adidas. adidas, therefore, is entitled to injunctive relief and to recover damages and, if

appropriate, punitive damages, costs, and reasonable attorneys' fees.

## SEVENTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

87.    adidas repeats and incorporates by reference the allegations in the preceding

paragraphs.

88.    Forever 21's actions constitute common law trademark infringement and unfair

competition, and have created and will continue to create, unless enjoined by this Court, a

likelihood of confusion to the irreparable injury of adidas. adidas has no adequate remedy at law

for this injury.

89.    On information and belief, Forever 21 acted with full knowledge of adidas's use

of, and statutory and common law rights to, adidas's Three-Stripe Mark and without regard to

the likelihood of confusion of the public created by Forever 21's activities.

90.    Forever 21's actions demonstrate an intentional, willful, and malicious intent to

trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable

injury of adidas.

31-  FIRST AMENDED COMPLAINT

21184-0122/135833114.1

91.     As a result of Forever 21's actions, adidas has been damaged in an amount not yet determined or ascertainable. At a minimum, however, adidas is entitled to injunctive relief, to an accounting of Forever 21's profits, damages, and costs. Further, in light of Forever 21's deliberate and malicious use of confusingly similar imitations of adidas's Three-Stripe Mark, and the need to deter Forever 21 from engaging in similar conduct in the future, adidas additionally is entitled to punitive damages.

## EIGHTH CLAIM FOR RELIEF
### (Breach of Contract)

92.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

93.     The ▮▮▮▮▮▮▮▮▮▮ 2015 Agreement are valid contracts.

94.     The ▮▮▮▮▮▮▮▮▮▮ 2015 Agreement were supported by adequate consideration.

95.     Forever 21 breached ▮▮▮▮▮▮▮▮▮ the 2015 Agreement when it manufactured, offered for sale, and/or sold the Infringing Apparel and Footwear bearing stripe designs that are confusingly similar to adidas's Three-Stripe Mark.

96.     Forever 21's breach of its contractual obligations has damaged adidas, and Forever 21's ongoing breach of ▮▮▮▮▮▮▮ and the 2015 Agreement is inflicting irreparable harm on adidas.

97.     Additionally, ▮▮▮▮▮▮▮▮▮ the 2015 Agreement state that in the event of a breach by Forever 21, adidas shall be entitled, in addition to other relief, "to recover its costs, including reasonable attorneys' fees."

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## PRAYER FOR RELIEF

WHEREFORE, adidas prays that:

1.      Forever 21 and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by through or under authority from Forever 21, or in concert or participation with Forever 21, and each of them, be enjoined permanently from:

        a.   using the adidas Marks or any other copy, reproduction, colorable imitation, or simulation of the adidas Marks on or in connection with Forever 21's goods;

        b.   passing off, palming off, or assisting in passing off or palming off Forever 21's goods as those of adidas, or otherwise continuing any and all acts of unfair competition as alleged in this First Amended Complaint; and

        c.   advertising, promoting, offering for sale, or selling the Counterfeit Apparel, the Infringing Apparel and Footwear or other goods bearing counterfeit and/or confusingly similar imitations of the adidas Marks.

2.      Forever 21 be ordered to cease offering for sale, marketing, promoting, and selling and to recall all products sold under or bearing any counterfeit and/or confusingly similar imitations of the adidas Marks that are in Forever 21's possession, custody, or control, or have been shipped by Forever 21 or under its authority, to any customer, including but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Forever 21;

3.      Forever 21 be ordered to deliver up for impoundment and for destruction, all apparel, footwear, signs, advertising, sample books, promotional materials, or other materials in

33-  FIRST AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0122/135833114.1

the possession, custody, or control of Forever 21 that are found to adopt, infringe, or dilute the adidas Marks or that otherwise unfairly compete with adidas and its products;

4.    Forever 21 be compelled to account to adidas for any and all profits derived by Forever 21 from the sale or distribution of counterfeit or otherwise infringing goods as described in this First Amended Complaint;

5.    adidas be awarded all damages caused by the acts forming the basis of this First Amended Complaint;

6.    Based on Forever 21's knowing and intentional use of counterfeit and/or confusingly similar imitations of the adidas Marks, the damages awarded be trebled and the award of Forever 21's profits be enhanced as provided for by 15 U.S.C. § 1117(a) and (b), or alternatively, and at adidas's election, pursuant to 15 U.S.C. § 1117(c), for any goods bearing a counterfeit mark, adidas be awarded statutory damages for Forever 21's willful use of a counterfeit mark;

7.    Forever 21 be required to pay to adidas the costs of this action and adidas's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), the state statutes cited in this First Amended Complaint, ███████████ and the 2015 Agreement;

8.    Based on Forever 21's willful and deliberate counterfeiting, infringement, and/or dilution of the adidas Marks, and to deter such conduct in the future, adidas be awarded punitive damages;

9.    adidas be awarded prejudgment and post-judgment interest on all monetary awards; and

10.    adidas have such other and further relief as the Court may deem just.

34-  FIRST AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## JURY TRIAL DEMAND

adidas respectfully demands a trial by jury on all claims and issues so triable.

DATED:  June 6, 2017

*Stephen M. Feldman*

Stephen M. Feldman, OSB No. 932674
sfeldman@perkinscoie.com
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone:  (503) 727-2000
Facsimile:  (503) 727-2222

R. Charles Henn Jr. (admitted *pro hac vice*)
chenn@kilpatricktownsend.com
Charles C. Hooker (*pro hac vice* pending)
chooker@kilpatricktownsend.com
Nichole D. Chollet (*pro hac vice* pending)
nchollet@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500
Facsimile: 404.815.6555

Attorney for Plaintiffs

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184-0122/135833114.1

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **FIRST AMENDED COMPLAINT** on:

Floyd A. Mandell
Jeffrey A. Wakolbinger
Katten Machin Rosenman LLP
525 W. Monroe
Chicago, IL 60661
312-902-5200
Fax: 3102-577-8982
Email: floyd.mandell@kattenlaw.com
Email: jeff.wakolbinger@kattenlaw.com

Attorneys for Defendant

Timothy W. Snider
Nathan C. Brunette
Stoel Rives LLP
760 S.W. Ninth Ave., Suite 3000
Portland, OR 97205
503-294-9678
Fax: 503-220-2480
Email: timothy.snider@stoel.com
Email: nathan.brunette@stoel.com

Attorneys for Defendant

by causing a full, true, and correct copy thereof, addressed to the last-known office address of the attorney or registered agent, to be sent by the following indicated method or methods (unless indicated otherwise above), on the date set forth below:

[X] By **mailing** in a sealed, first-class postage-prepaid envelope and deposited with the U. S. Postal Service at Portland, Oregon.

[ ] By **CM/ECF** system transmission.

[X] By **email transmission**.

[ ] By **hand delivery**.

DATED: June 6, 2017

**PERKINS COIE LLP**

By: _____
Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorney for Plaintiffs

1-   CERTIFICATE OF SERVICE